UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TERRELL GURLEY                                              CIVIL ACTION

v.                                                          NO. 16-16274

SHAQUILLE WHITE, ET AL.                                     SECTION "F"

ORDER AND REASONS

Before the Court are two motions to remand, one by the plaintiff and the other by defendant/cross-claimant Gerard Walker. For the reasons that follow, the motions are GRANTED.

**Background**

This personal injury case arises out of an automobile accident.

On July 12, 2015, Gerard Walker was driving and Terrell Gurley was a guest passenger in Walker's 2005 Ford F-150. They were traveling in the left lane on Franklin Avenue while Shaquille White was driving an 18-wheeler next to them in the right lane. Suddenly and without warning, it is alleged, White attempted to make a left turn from the right lane onto North Roman Street, causing his vehicle to strike Walker's vehicle.

1

On May 2, 2016, Gurley sued Shaquille White, White's automobile insurer, Mountain Lake Risk Group, Inc., and White's employer, US Xpress, Inc. in state court.  Gurley alleges that the accident was caused by White.  He also alleges in the alternative that Walker's negligence caused the accident, and so he names as defendants Walker and Walker's automobile insurer, State Farm Mutual Automobile Insurance Company.  Gurley alleges that he sustained serious injuries and damages including "past, present and future pain and suffering; past, present and future medical expenses; past, present and future lost wages and loss of earning capacity; mental anguish and emotional distress; and other damages which will be shown at trial[.]"  On June 14, 2016, Walker filed a cross-claim against White, U.S. Xpress, and Mountain Lake in which he alleges that he "sustained lost wages, impairment to earning capacity, mental anguish, and serious personal injuries" and that "he was forced to consult a private physician for injuries to the mind and body incurring medical expenses for which the defendants in cross claim are liable."  Walker seeks damages for "past, present and future medical expenses; damages for past, present and future physical and mental suffering; for permanent disabilities; for impairment of earning capacity and/or loss of wages; property damage, for inconvenience."

Several months after the defendants filed answers to Gurley's petition and Walker's cross-claim in state court, on November 10, 2016, U.S. Xpress, Mountain Lake, and White removed the case to this Court, invoking this Court's diversity jurisdiction.[1] In so doing, they contend that removal is timely because Walker's discovery responses constitute "other papers" under 28 U.S.C. § 1446(b)(3), and they submit that removal is proper because complete diversity exists between the properly aligned parties. Gurley and Walker now request that the Court remand this case back to Civil District Court for the Parish of Orleans.

I.

A.

Although the plaintiff generally challenges removal, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant

---

[1] It is undisputed that U.S. Xpress is a Nevada corporation with its principal place of business in Tennessee; Mountain Lake is a citizen of Vermont; State Farm is a citizen of Illinois; White is a citizen of Mississippi; both Walker and Gurley are citizens of Louisiana.

3

federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

*B.*

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Suits not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016)("when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). For a defendant to invoke the Court's removal jurisdiction based on

4

diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

A defendant must file a notice of removal within 30 days of service of the petition.  28 U.S.C. § 1446(b).  "[I]f the case stated by the initial pleading is not removable," the defendant may remove the case within 30 days of receiving a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or had become removable."  28 U.S.C. § 1446(b)(3).

## II.

In the state court petition, Gurley seeks to recover money damages for negligence on the part of whomever is deemed to be at fault for the accident: either Walker, the Louisiana resident driver of the car in which he rode as passenger; or White, the driver of the tractor trailer involved in the accident.  The defendants removed this lawsuit despite the fact that: Walker, named a defendant by his passenger, Gurley, is a Louisiana citizen; and Walker did not consent to removal.  The removing defendants

5

contend that Walker should be realigned as a plaintiff because he and Gurley share the same interest in the outcome of the lawsuit. The Court disagrees; accordingly, complete diversity is lacking and remand is warranted.

Endorsing the Court's power to realign parties in a suit originally filed in federal court, the United States Supreme Court explained:

> To sustain diversity jurisdiction there must exist an actual, substantial, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.  Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants.  It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  Litigation is the pursuit of practical ends, not a game of chess.  Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules.  It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.  These familiar doctrines governing alignment of parties for the purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court.

City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69-70 (1941)(internal citations and quotations omitted).

Whether a district court should realign parties to achieve diversity jurisdiction in the post-removal context is fodder for some debate.  See, e.g., Kahn Swick & Fot, LLC v. Spector Roseman

Kodroff & Willis, PC, No. 14-1979, 2014 WL 7140312, at *4 (E.D. La. Dec. 12, 2014)(Engelhardt, J.)(recognizing and finding persuasive "that a number of its sister courts in this Circuit have found utilizing realignment as a basis for removal from state court to be an improper legal mechanism").  Assuming that realignment is proper in the context of removal,[2] the Court finds that the defendants have not met their burden of showing that Walker should be realigned as a plaintiff.

Generally, diversity of citizenship is determined at the commencement of a lawsuit.  Zurn Indus., Inc. v. Acton Const. Co., Inc., 847 F.2d 234, 236 (5th Cir. 1988).  Party realignment is an exception to this general rule.  Id. (finding that the plaintiff's principal claim was a bona fide claim and, therefore, reversing district court's decision to realign parties and dismiss case for lack of diversity jurisdiction).  If this exception is triggered, the Court "is not bound by the way plaintiff formally aligns the parties in his original pleading."  Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1177 (5th Cir. 1984).  Rather, the Court may look beyond the pleadings to "arrange the parties according to their

---

[2] Cf. Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 632 (5th Cir. 2002)("[T]he Supreme Court has counseled that when removal has occurred and jurisdictional requirements otherwise have been met, any problems with party labels are immaterial because the parties could have been 'realigned' by the court.").

sides in the dispute." Id.   The Court must "insure that there is a bona fide dispute between citizens of different states." Zurn, 846 F.2d at 237.  To determine proper alignment, the Court examines "'the principal purpose of the suit and the primary and controlling matter in dispute.'" Lowe, 723 F.3d at 1178 (quotation omitted).]

Here, a bona fide dispute exists between the plaintiff and the non-diverse (indeed, local) defendant Walker.  The principal purpose of Gurley's lawsuit is to seek redress for injuries suffered in a two-vehicle accident; to hold liable and recover damages from those parties whose negligence caused Gurley's injuries.  Whether or not Walker bears any fault for the accident is an outstanding issue to be litigated and, therefore, remains an outstanding bona fide dispute between Gurley and Walker.  The removing defendants fail to persuade the Court that Gurley and Walker's interests align to an extent that would support realignment.  That the removing defendants dispute liability for the accident does not, as the removing defendants contend, "confirm[] that their interests are completely adverse to one another such that both [White and Walker] cannot properly be labeled as defendants."  The removing defendants' position as stated ignores the realities of multi-defendant litigation and improperly seeks to shift focus from the relevant inquiry for realignment, which must remain on the principal purpose of Gurley's

8

lawsuit.[3]  With that as its proper focus, the Court finds that the plaintiff seeks to recover damages from White and Walker, the latter of whom is a non-diverse, local defendant.  This Court lacks jurisdiction over such a controversy.

Accordingly, mindful that doubts about the propriety of removal must be resolved in favor of remand, the motions to remand are GRANTED.[4]  Because this Court lacks subject matter jurisdiction, the case is hereby remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, December 14, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] That there may be multiple theories of recovery or that recovery is more likely against one defendant than another does not persuade the Court to disregard Gurley's claim against the driver. If a plaintiff and one of the defendants stand to benefit from a finding that a co-defendant is liable, it does not follow that the defendant with the most potential to be found not liable should be realigned as a plaintiff. Cf. Texas Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956, 957 (5th Cir. 1946)("[p]arties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief against such parties."). Indeed, that the other defendants also contend that Walker bears fault for the accident undermines their realignment argument.

[4] The Court need not reach those arguments bearing on whether or not removal was procedurally defective due to untimeliness or Walker's failure to consent.